# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| ENITAN AYODEJI LIJADU | * | CIVIL ACTION NO. 06-0518<br>Section P |
|---|---|---|
| VERSUS | * | JUDGE JAMES |
| IMMIGRATION AND NATURALIZATION SERVICE, ET AL. | * | MAGISTRATE JUDGE HAYES |

## ORDER

On June 3, 2008, the court issued a Notice of Intent to Dismiss pursuant to Local Rule 41.3W due to the lack of responsive pleadings filed by, or default proceedings initiated against, defendant, Pam Poole. (June 3, 2008, Notice of Intent to Dismiss). On July 10, 2008, plaintiff responded to the court's notice with a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. [doc. # 75]. The motion recites plaintiff's allegations and seeks a $ 5 million judgment for compensatory and punitive damages against defendant, Pam Poole. *Id.*

Under Rule 56, a plaintiff may file a motion for summary judgment once the suit has been pending for more than 20 days. *See*, Fed.R.Civ.p. 56(a)(1). However, when a plaintiff files a motion for summary judgment against a party that has not yet filed responsive pleadings, the courts are authorized to dismiss the motion without prejudice. *Kuperman v. ICF Intern.*, 2008 WL 647557 (E.D. La. Mar. 5, 2008) (citing 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2717, at 298-99 (1998)). Other courts caution that summary judgment should not be granted before service of an answer "unless . . . it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Cyrio v.*

*Hunt*, 2008 WL 3851581 (E.D. La. Aug. 13, 2008) (quoting *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb.1951)). Indeed, when, as here, the movant bears the burden of proof on an issue, he must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish his right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.). Moreover, although Poole has not filed an opposition to defendant's motion, the Fifth Circuit has explained that "a motion for summary judgment cannot be granted simply because there is no opposition . . . [t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n3 (5th Cir.1995) (citation omitted).[2]

Plaintiff contends that while housed as an immigration detainee at the Tensas Parish Detention Center ("TPDC"), the facility's medical administrator, Pam Poole, violated his constitutional right to reasonable medical care. To establish the foregoing constitutional violation, plaintiff must "show that a state official acted with deliberate indifference to a

---

[1] I.e., beyond doubt.

[2] The traditional route for a plaintiff to proceed against a party who has failed to make an appearance is to seek an entry of default, followed more than ten days later by a motion for a default judgment. Fed.R.Civ.P. 55; LR 55.1W. However, as with an unopposed motion for summary judgment, a defendant's default does not automatically warrant a judgment in plaintiff's favor. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200 (5th Cir. 1975). A "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. The defendant, by her default, admits solely the well-pleaded allegations of fact within plaintiff's petition. *Id*. (citation omitted).

2

substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000); *see also Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). Deliberate indifference in the context of an episodic failure to provide reasonable medical care to a detainee means that: (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur. *Thompson v. Upshur County, Tx.,* 245 F.3d 447, 458-59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

An initial review of plaintiff's allegations against Poole suggests that they fail to establish that defendant harbored the requisite culpable state of mind or that her fruitless efforts on plaintiff's behalf could be cast as more than negligence. *See, Mendoza v. Lynaugh*, 989 F.2d 191, 193-194 (5th Cir. 1993); *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. Appx. 438 (5th Cir. May 20, 2008) (unpubl.); *Hyatt v. Sewell*, 197 Fed. Appx. 370, 2006 WL 2571347 (5th Cir. Sept. 7, 2006) (unpubl.). Accordingly, plaintiff will be afforded 45 days from today to submit additional competent summary judgment evidence which establishes all requisite elements of his constitutional claim against defendant, Poole. Thereafter, if the court determines that the factual

allegations in plaintiff's complaint and the competent summary judgment evidence adduced by plaintiff do not suffice to establish defendant, Poole's constitutional liability, then the undersigned will recommend that summary judgment be entered in favor of said defendant.[3]

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 9th day of October, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] In the interim, if plaintiff wishes to avail himself of the two step default process set forth in footnote 3, *supra*, he may do so. If so, plaintiff may simply incorporate his motion for summary judgment, rather than filing duplicative materials.