U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 26 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ENITAN AYODEJI LIJADU | CIVIL ACTION NO. 06-0518 |
| VERSUS | MAG. JUDGE KAREN L. HAYES |
| IMMIGRATION AND NATURALIZATION SERVICE, ET AL. | JUDGE ROBERT G. JAMES |

RULING

Pending before the Court is Plaintiff Enitan Ayodeji Lijadu's ("Lijadu") motion to confirm default judgment [Doc. No. 75] against Defendant Pam Poole ("Poole"). The motion is unopposed.

Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 81] recommending that a default judgment be entered in favor of Lijadu and against Poole, holding her liable, in her individual capacity, for the deprivation of Lijadu's constitutional right to adequate medical care. Magistrate Judge Hayes also recommended that compensatory damages be awarded in favor of Lijadu and against Poole, in her individual capacity, in an amount established by Lijadu's prospective submission of competent summary judgment evidence, together with punitive damages, if warranted.

For the following reasons, the Court ADOPTS the Report and Recommendation, the motion is GRANTED, a default judgment is entered against Poole in her individual capacity, and Lijadu is awarded $50,000.00 in compensatory damages.

I.  LAW AND ANALYSIS

Lijadu claims that Poole, the Tensas Parish Detention Center ("TPDC") Medical Administrator, denied him adequate medical care while he was detained at TPDC pending his

removal to Nigeria. Lijadu alleges that Poole knowingly (1) delayed for eight weeks appropriate orthopedic care for his fractured arm; 2) failed to refill his ulcerative colitis medication for eight months; 3) failed for sixteen months to schedule clinical examinations for his preexisting conditions of ulcerative colitis and HIV positive status; and 4) waited at least 15 months to obtain a dental appointment to repair his broken dentures. Lijadu seeks $5 million in compensatory and punitive damages against Poole.

The Court agrees with the Magistrate Judge that the evidence and allegations support a finding of deliberate indifference on the part of Poole: she was personally aware that the failure to provide Lijadu with timely medical treatment and medication placed him at a substantial risk of suffering serious harm, yet she made no determined effort to meet his specific medical needs for an unreasonable length of time. Accordingly, Lijadu is entitled to a default judgment against Poole.

The Court must now decide whether Lijadu is entitled to compensatory and/or punitive damages. On February 24, 2009, Lijadu filed an affidavit and doctor's report. [Doc. No. 83]. Lijadu relies on these documents to support his claims for both past and future pain and suffering.

First, the Court finds that Lijadu has failed to provide adequate evidence of future pain and suffering. Lijadu relies only on the doctor's report of harm to his wrist to support this item of damages. However, the doctor's report fails to link the fracture and delay in treatment that Lijadu suffered at TPDC to his current complaints regarding his wrist. Accordingly, the Court declines to award any amount for this item of damages.

The Court finds that the affidavit adequately sets forth the extent and duration of the pain and suffering Lijadu experienced while he was detained at TPDC. Specifically, the Court finds that Lijadu was deprived of adequate medical care for his broken wrist, ulcerative colitis, HIV positive

2

status, and dental and digestive difficulties, and that he experienced serious physical and mental suffering as a result. Lijadu is, therefore, entitled to compensatory damages for his past pain and suffering.

The amount of compensatory damages to award is within the Court's discretion. The Court finds that $50,000.00 for past physical pain and suffering is sufficient to compensate Lijadu for his injuries. *See, e.g., Lawson v. Dallas County*, 112 F. Supp. 616 (N.D. Tex. 2000).

Finally, the Court declines to award punitive damages. As Magistrate Judge Hayes noted in her Report and Recommendation, Poole is no longer employed at TPDC, so punitive damages assessed against her in her individual capacity are unlikely to deter future misconduct.

## II. CONCLUSION

For the foregoing reasons, the motion to confirm default judgment [Doc. No. 75] is GRANTED, a default judgment is entered against Poole in her individual capacity, and Lijadu is awarded $50,000.00 in compensatory damages.

MONROE, LOUISIANA, this 26 day of February, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE